UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| IN RE: ) <br> ) <br> ASHLEY RENE BAILEY. ) <br> ) <br>    Debtor ) <br> _____) <br> ) <br> WENDY A. OWENS, as Chapter 7 Trustee ) <br> of the Estate of ASHLEY RENE BAILEY. ) <br> ) <br>    Plaintiff ) <br> ) <br> v. ) <br> ) <br> TURNBULL LAW GROUP, LLC ) <br> ) <br>    Defendant ) | Chapter 7 Case <br> Number 23-40168-EJC <br><br><br><br><br><br> Adversary Proceeding <br> Number _____ |

## **COMPLAINT**

Plaintiff Wendy A. Owens ("Plaintiff"), chapter 7 trustee for the bankruptcy estate of Ashley Rene Bailey ("Debtor"), files this complaint ("Complaint") against Defendant Turnbull Law Group, LLC ("Defendant"). In support of this Complaint, the Plaintiff alleges and sets forth the following.

### JURISDICTION AND VENUE

1. This adversary proceeding is brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure ("F.R.B.P."), 11 U.S.C. §§ 544, 548 and 550, and O.C.G.A. §§ 18-2-75, 18-5-1 *et seq.*, and 10-1-390 *et seq.*

2. This adversary proceeding arises in and relates to the case of *In re Ashley Rene Bailey*, Chapter 7 Case Number 23-40168, which is pending in the United States Bankruptcy Court for the Southern District of Georgia, in the Savannah Division.

3. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F), (H), and (O).

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

PARTIES

6. Plaintiff Wendy A. Owens is the duly-appointed chapter 7 trustee for the bankruptcy estate of Ashley Rene Bailey ("Estate").

7. Defendant Turnbull Law Group, LLC is an Illinois limited liability company headquartered at 55 East Monroe Street, Suite 3800, Chicago, Illinois 60603; is subject to service via its registered agent, CT Corporation System, at 289 South Culver Street, Lawrenceville, Georgia 30046; and is subject to the jurisdiction of this court.

BACKGROUND AND STATEMENT OF FACTS

8. On February 22, 2023 ("Petition Date"), the Debtor filed a voluntary petition for relief ("Petition") under chapter 7 of the Bankruptcy Code.

9. The Debtor listed the Defendant on her Statement of Financial Affairs as a company which promised to help her deal with her creditors and/or make payments to her creditors.

10.     On or about October 18, 2019, the Debtor and Defendant entered into a Client Engagement Agreement ("Agreement") for a "Debt Resolution Program" under which the Defendant would receive funds from the Debtor and disburse such funds (less fees) to the Debtor's creditors on an adjusted, reduced, and/or compromised basis.

11.     Under the Agreement, the Defendant would receive a fee amounting to six-and-one-half percent (6.5%) of the total debts included in the Agreement as a "retainer fee," and a fee amounting to twenty-and-one-half percent (20.5%) of the total debts included in the Agreement for management of the Debtor's "debt negotiation plan."

12.     Under a listing of debts to be included under the Agreement, the Debtor and Defendant listed sixteen (16) creditors with claims totaling thirty-six thousand eight hundred eighty-five dollars ($36,885.00).

13.     From October 30, 2019, until July 28, 2022, the Debtor paid a total of eleven thousand seventy-one dollars ($11,071.00) to the Defendant pursuant to the Agreement (the "Payments").

14.     From October 30, 2019, until June 6, 2022, the Defendant made payments totaling four thousand seven hundred thirty-five dollars and ninety-nine cents ($4,980.74) to only six (6) of the Debtor's sixteen (16) listed creditors.

15.     From October 30, 2019, until March 7, 2023, the Defendant paid itself six thousand ninety dollars and twenty-six cents ($6,090.26) in fees, representing over fifty-five percent (55%) of the total amount paid by the Debtor.

16.     Per her filed Schedules, Synchrony Bank obtained a judgment against the Debtor in the Magistrate Court of Bryan County, Georgia, Case No.: 202-392CC and began garnishing the Debtor's wages while Debtor was making payments to Defendant and

Synchrony Bank was listed a named creditor in the "Agreement".

17. Per her filed Schedules, Citibank, N.A. also obtained a judgment against Debtor in the State Court of Bryan County, Georgia, Case No.: 2020-ST-SV-176-BT while the Debtor was making payments to the Defendant and Citibank, N.A. was listed as a named creditor in the "Agreement".

## CLAIMS FOR RELIEF

### Count I – Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. § 548(a)(1)(B)

18. The Plaintiff restates and incorporates paragraphs 1 through 17 as if fully set forth herein.

19. The Payments to the Defendant constituted a transfer of an interest of the Debtor in property.

20. Payments were made within two (2) years of the Petition Date.

21. The Debtor received less than reasonably equivalent value in exchange for the Payments.

22. There was no reasonable likelihood that the Defendant's services would benefit the Debtor, and the Agreement left the Debtor in a worse financial situation.

23. The Debtor was insolvent at the time of the Payments, or became insolvent as a result of the Payments.

24. Pursuant to 11 U.S.C. § 548(a)(1)(B), the Plaintiff is entitled to avoid the Payments to the Defendant.

### Count II – Voidance of Transfers Pursuant to 11 U.S.C. § 544(b)(1) and O.C.G.A. § 18-2-75(a)

25. The Plaintiff restates and incorporates paragraphs 1 through 24 as if fully set forth herein.

26. The Payments to the Defendant constituted a transfer of an interest of the Debtor in property.

27. Payments were made within two (2) years of the Petition Date.

28. The Debtor received less than reasonably equivalent value in exchange for the Payments.

29. There was no reasonable likelihood that the Defendant's services would benefit the Debtor, and the Agreement left the Debtor in a worse financial situation.

30. The Debtor was insolvent at the time of the Payments, or became insolvent as a result of the Payments.

31. Pursuant to 11 U.S.C. § 544(b)(1) and O.C.G.A. § 18-2-75(a), the Plaintiff is entitled to avoid the Payments to the Defendant.

### Count III – Recovery of the Avoided Transfers Pursuant to 11 U.S.C. § 550(a)

32. The Plaintiff restates and incorporates paragraphs 1 through 31 as if fully set forth herein.

33. The Defendant was the initial transferee of the Payments and/or the person for whose benefit the Payments were made.

34. Pursuant to 11 U.S.C. § 550(a)(1), the Plaintiff is entitled to recover the value of the Debtor's Payments from the Defendant.

### Count IV – Violation of the Georgia Debt Adjustment Act

35. The Plaintiff restates and incorporates paragraphs 1 through 34 as if fully set

forth herein.

36. The services provided by the Defendant under the Agreement constitute "debt adjusting" as that term is defined in O.C.G.A. § 18-5-1(1).

37. Pursuant to O.C.G.A. § 18-5-2, the Defendant was limited to collecting no more than seven-and-one-half percent (7.5%) of the amount paid by the Debtor for fees, and may only charge additional fees for insufficient funds transactions.

38. The Agreement states that the Defendant would charge the Debtor twenty-seven percent (27%) of the debt enrolled in the Agreement, and does not limit the fee to 7.5%.

39. The Defendant actually charged the Debtor fees totaling over fifty-five percent (55%) of the Payments, far in excess of the 7.5% limit.

40. None of the fees collected by the Defendant were for insufficient funds transactions.

41. The Defendant thus violated O.C.G.A. § 18-5-2.

42. Pursuant to O.C.G.A. § 18-5-3.2, the Defendant was required to disburse all funds received from the Debtor to his creditors (less allowed fees) within thirty (30) days of receipt of such funds.

43. The Defendant collected two thousand five hundred and twenty dollars ($2,520.00) from the Debtor prior to disbursing any funds to the Debtor's creditors, and routinely failed to make disbursements to creditors within thirty (30) days of receiving funds from the Debtor.

44. The Defendant thus violated O.C.G.A. § 18-5-3.2.

45. Pursuant to O.C.G.A. § 18-5-4(b)(1), the Defendant is liable to the Plaintiff for a civil fine in the amount of fifty thousand dollars ($50,000.00).

46. Pursuant to O.C.G.A. § 18-5-4(b)(2), the Defendant is liable for damages in the amount of sixteen thousand seventy-one dollars ($16,071.00), which amount represents the total amount of the Payments plus five thousand dollars ($5,000.00).

<u>Count V – Violation of the Georgia Fair Business Practices Act</u>

47. The Plaintiff restates and incorporates paragraphs 1 through 46 as if fully set forth herein.

48. Pursuant to O.C.G.A. § 18-5-4, the Defendant's violation of O.C.G.A. §§ 18-5-2 and 18-5-3.2 are also violations of the Georgia Fair Business Practices Act (O.C.G.A. § 10-1- 309 *et seq.*).

49. The Defendant intentionally violated the Georgia Debt Adjustment Act, and thus also the Georgia Fair Business Practices Act.

50. As required by O.C.G.A. § 10-1-399(b) the Plaintiff notified the Defendant of its violation of the Georgia Fair Business Practices Act by letter dated May 10, 2023.

51. Pursuant to O.C.G.A. § 10-1-399(a), the Defendant is liable for actual damages of eleven thousand seventy-one dollars ($11,071.00), representing the amount of the Payments.

52. Pursuant to O.C.G.A. § 10-1-399(c), the Defendant is liable for exemplary damages in an amount that is three times the amount of actual damages, or thirty-three thousand two hundred thirteen dollars ($33,213.00).

53. Pursuant to O.C.G.A. § 10-1-399(d), the Defendant is liable for the Plaintiff's reasonable attorney's fees and expenses of litigation incurred in connection with this adversary proceeding.

PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Court enter judgment for the Plaintiff against the Defendant as follows:

a. avoiding the Payments pursuant to 11 U.S.C. § 548(a)(1)(B);

b. voiding the Payments pursuant to 11 U.S.C. § 544(b)(1) and O.C.G.A. § 18-2-75(a);

c. finding the Defendant liable for the avoided/voided Payments pursuant to 11 U.S.C. § 550(a) and entering a money judgment against the Defendant in an amount not less than eleven thousand seventy-one dollars ($11,071.00);

d. finding the Defendant liable for its violation of the Georgia Debt Adjustment Act and (1) imposing a civil fine of fifty thousand dollars ($50,000.00) against the Defendant payable to the Plaintiff and (2) entering a money judgment against the Defendant in an amount not less than sixteen thousand seventy-one dollars ($16,071.00);

e. finding the Defendant liable for its violation of the Georgia Fair Business Practices Act, entering a money judgment against the Defendant in an amount not less than thirty-three thousand two hundred thirteen dollars ($33,213.00), and awarding the Plaintiff her reasonable attorney's fees and expenses of litigation;

f. issuing an execution upon any money judgment against the Defendant pursuant to Rule 69(a)(1) of the Federal Rules of Civil Procedure (made applicable by F.R.B.P. 7069);

g.  awarding the Plaintiff statutory interest on any money judgment entered against the Defendant; and

h.  granting all other relief that this Court finds just and proper.

Respectfully submitted this 20th day of June, 2023.

/s/ Wendy A. Owens
Wendy A. Owens
Attorney for the Plaintiff
Georgia Bar No. 557809
Law Office of Wendy A. Owens, P.C.
P.O. Box 8846
Savannah, GA 31412
Phone: 912-239-9888
Fax: 912-239-9777
wowens@coastalempirelaw.com